IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,
        Plaintiff,

vs.                                        Case No.: 3:16cv30/MCR/EMT

PENSACOLA POLICE DEPARTMENT, et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff subsequently filed an amended complaint (ECF No. 3).

Plaintiff has neither paid the filing fee nor submitted a motion to proceed in forma pauperis ("IFP").  Before this matter may proceed, Plaintiff must either pay the filing fee of $400.00 or obtain leave to proceed IFP by filing a fully and properly completed motion and attachments.  Having filed numerous cases in this district since early 2015, virtually all of which are identified as civil rights causes of action similar to the one currently before the court, Plaintiff should now be well aware of this requirement.  In fact, a review of these previous cases reveals that on several occasions Plaintiff has committed the same error as in the instant case: that is, neither filing a motion for leave to proceed IFP nor paying the filing fee.  In other cases,

Plaintiff has filed IFP motions at the commencement of case, although usually she has needed to amend these motions to correct certain deficiencies. The point is that Plaintiff has been repeatedly informed that she cannot proceed with a civil cause of action unless and until she files an IFP motion or pays the filing fee. The following is a list of cases Plaintiff has filed, in chronological order of their filing, with comments relative to this IFP issue in parenthesis:

- Brewer v. Yost, Case No. 3:15cv89/MCR/CJK (Plaintiff filed IFP but on wrong IFP form)

- Brewer v. Meadows, Case No. 3:15cv95/RV/EMT (Plaintiff failed to file IFP form)

- Brewer v. Morgan, 3:15cv132/RV/EMT (Plaintiff filed IFP form but form not correctly or fully completed)

- Brewer v. Nelson, Case No. 3:15cv145/MCR/EMT (Plaintiff filed IFP form but form not correctly or fully completed)

- Brewer v. Bodenhausen, 3:15cv154/RV/EMT (Plaintiff filed IFP form but form not correctly or fully completed)

- Brewer v. Willis, Case No. 3:15cv183/RV/EMT (Plaintiff filed IFP form but form not correctly or fully completed)

- Brewer v. Pensacola Police Dep't, Case No. 3:15cv469/MCR/CJK (Plaintiff failed to file IFP form)

- Brewer v. City of Pensacola, Case No. 3:15cv484/MCR/EMT (Plaintiff failed to file IFP form)
- Brewer v. City of Gulf Breeze, Case No. 3:15cv489/MCR/EMT (Plaintiff failed to file IFP form)

- <u>Brewer v. United States Marshals Courthouse Security</u>, Case No. 3:15cv497/MCR/EMT (Plaintiff failed to file IFP form)

- <u>Brewer v. Area Housing Comm'n</u>, Case No. 3:15cv500/MCR/EMT (Plaintiff filed IFP form accurately and completely; motion to proceed IFP granted)

- <u>Brewer v. US Attorneys Security</u>, 3:15cv563/MCR/CJK (Plaintiff failed to file IFP form)

- <u>Brewer v. Pensacola Police Dep't</u>, Case No. 3:15cv567/MCR/EMT (Plaintiff failed to file IFP form)

- <u>Brewer v. City of Gulf Breeze</u>, Case No. 3:15cv573/RV/EMT (Plaintiff failed to file IFP form)

Thus, there can be little doubt that Plaintiff is aware of the "filing fee or IFP" rule, yet she has repeatedly failed to abide by this rule.

The court additionally notes that in previous cases filed with this court, it has been observed that a growing number of Plaintiff's cases have been summarily dismissed before service under 28 U.S.C. § 1915 as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g.,* <u>Brewer v. US Attorneys Security</u>, 3:15cv563/MCR/CJK, Report and Recommendation (ECF No. 3 at 2–3).  It is further noted that those actions that currently remain pending appear to involve the same general type of allegations and may thus be summarily dismissed as meritless as well. *See id.* at 3–4.

Consequently, it appears that the time may well be coming where more serious measures will need to be taken to curtail Plaintiff's pattern of filing frivolous lawsuits in this court.  As the court is readily familiar, 28 U.S.C. § 1915(g) curtails such frivolous filings from its many prisoner litigants by generally disallowing IFP status to those who have had three cases dismissed as frivolous, malicious, or for failure to state a valid claim.  Since Plaintiff is not a prisoner, she is not subject to that particular provision.  Nonetheless, this does not mean Plaintiff may continue to file baseless lawsuits with impunity.  Independent from the Prisoner Litigation Reform Act and other such efforts to address the widespread pattern of prisoner litigation, numerous courts have fashioned various methods to curtail or outright prevent abuse of the judicial process by ordinary litigants.  *See* Cofield v. Alabama Pub. Serv. Comm'n, 936 F.2d 512, 517–19 (11th Cir. 1991); Support Sys. Int'l, Inc. v. Mack, 45 F.3d 185, 186–87 (7th Cir. 1995); Vinson v. Heckmann, 940 F.2d 114, 116–17 (5th Cir. 1991).

The court finds it appropriate in the present circumstance that this case be dismissed without prejudice.  Dismissal of this action may at least serve to alert Plaintiff to the fact that, if she continues to disregard the rules and procedures of this court, consequences will follow.  Moreover, while the court has not conducted its normal Section 1915 review of the merits of the complaint, it is noted that Plaintiff sues the Pensacola Police Department, whom she has sued at least twice in the past.

It may well be that the claims she presents in the instant complaint are closely associated with those from her previous complaints, and if that be the case, it may well be more appropriate (assuming the claims have any merit) to file an amended complaint in one of those previous cases instead of filing a new complaint as she has done here.[1]   And, of course, as the court has addressed above, the claims and allegations raised in this complaint may well be subject to dismissal as meritless, just as Plaintiff's previous cases have been.  As such, this dismissal would also serve to put Plaintiff on notice that, unless she acts to limit her own frivolous filings, the court itself may have to instill those limits.

It bears noting that proceeding IFP is a privilege, and had Plaintiff not been proceeding IFP during the last year, she would have by now accumulated a sizeable fee for all the cases she has filed in this court.  While the courthouse doors should remain open to those who cannot afford the costs of litigation, there is a limit to how much a litigant can abuse that privilege by repeatedly filing meritless cases.  *See* Smith v. United States, 386 F. App'x 853, 857–58 (11th Cir. 2010); Cofield v. Alabama Pub. Serv. Comm'n, 936 F.2d 512, 517–19 (11th Cir. 1991); Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986) ("The court has a responsibility to

---

[1]   Plaintiff in fact might acknowledge this point, as evidenced from the notations placed on her amended complaint reminding the court to "see also" two of her previously filed cases (ECF No. 3 at 1).

prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others"). For the present, it is enough to say that Plaintiff, by failing to follow simple court procedures in this and other cases, has needlessly put the court through its paces, wasting valuable judicial resources.

As a final point, while this recommendation of dismissal may be seen to contain a punitive ingredient, this court notes that, in the United States Court for the Middle District of Florida, complaints that fail to comply with the "filing fee or IFP" rule are routinely dismissed without prejudice, seemingly not as a punitive measure but as a matter of course. *See, e.g.,* Henderson v. Osceola County Corrections, Case No. 6:15cv2156/PGB/GJK (M.D. Fla. Jan. 4, 2016). The court surmises from the order in Henderson and other, similar cases that the Middle District's practice stems from the fact that pro se litigants who are new to the legal system may fail to apprehend the "filing fee or IFP" rule, and dismissal offers them the chance to re-weigh the costs of litigation versus the possible gain. To state the obvious, Plaintiff is not new to the legal system, and her culpability is therefore greater than one who encounters the court system for the first time. Dismissal without prejudice is an appropriate result in this case.

Accordingly, it is respectfully **RECOMMENDED:**

1.      That this action be **DISMISSED WITHOUT PREJUDICE** as abusive

of the judicial process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.      That all pending motions be **DENIED as moot**.

3.      That the clerk be directed to close this file.

At Pensacola, Florida, this 3rd day of February, 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**